STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LAYMOND DEAN,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0974** (BOR Appeal No. 2049274)
                    (Claim No. 2002027172)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**SHOWSHOE MOUNTAIN, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Laymond Dean, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2014, in which the Board affirmed a February 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 12, 2013, decision denying Mr. Dean's request to add herniated disc as a compensable condition. The Office of Judges also affirmed the claims administrator's separate July 12, 2013, decision denying Mr. Dean's request for a lumbar MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dean worked as a carpenter for Snowshoe Mountain, Inc. On October 31, 2001, Mr. Dean injured his back when lifting panels of sheet rock. The claim was held compensable for lumbar sprain. A November 16, 2001, MRI of the lumbar spine revealed multi-level degenerative disc disease with areas of herniation and mild nerve root compression predominantly related to the L5-S1 herniation. Mr. Dean was treated at Greenbrier Chiropractic Center in December of 2001 with a diagnosis of L5-S1 disc herniation and in April of 2002 with diagnoses of disc herniation and lumbar radiculitis. On April 8, 2002, James Leipzig, M.D., found Mr. Dean has multi-level degenerative changes and opined that Mr. Dean's reported symptoms are out of proportion to the findings. In October of 2002, A.E. Landis, M.D., performed an independent medical evaluation and diagnosed Mr. Dean with a strain/sprain to the lower back superimposed on advanced pre-existing degenerative disc disease at L5-S1. Dr. Landis found most of Mr. Dean's symptoms, if not all, were related to his pre-existing degenerative disc disease. On March 7, 2013, William M. Browning Jr., D.O., reported that Mr. Dean's pain had gotten worse and very severe after he picked up a bucket of pine cones.

On March 31, 2013, Mr. Dean filed a request to add herniated disc as a compensable condition. In an April 8, 2013, letter, Dr. Browning requested a lumbar MRI and stated that Mr. Dean's low back pain had gotten much worse. The claims administrator's July 12, 2013, decision denied the request to add herniated disc as a compensable condition because it is unrelated to the claim due to the intervening injury documented in Dr. Browning's March 7, 2013, office note. In a separate July 12, 2013, decision, the claims administrator denied the request for a lumbar MRI because it is unrelated to the claim due to the intervening injury documented in Dr. Browning's office notes.

The Office of Judges affirmed the claims administrator's decisions. The Office of Judges found that a herniated disc should not be added to the claim as a compensable condition and that the lumbar MRI is not medically related and reasonably necessary for treatment of the compensable injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Dean disagrees and asserts that the original compensable conditions should have included herniated disc because it was shown on the November 16, 2001, MRI, which was performed shortly after the injury. Mr. Dean further argues that a lumbar MRI is medically reasonable and necessary to treat his compensable injury. The West Virginia Office of Insurance Commissioner maintains that his herniated disc should be denied compensability because Dr. Landis found the symptoms were caused by Mr. Dean's pre-existing degenerative disc disease and that he has not established a causal connection between the herniated disc and his employment or his compensable injury. The West Virginia Office of Insurance Commissioner further maintains that Mr. Dean has not met his burden of proof in relation to his request for a lumbar MRI.

On January 15, 2003, Dr. Landis determined that Mr. Dean had pre-existing degenerative disc disease at the time of the compensable injury in 2001and that his disc herniation at that time was exceedingly mild. Dr. Landis opined that Mr. Dean's complaints appear to be greatly exaggerated. The Office of Judges stated that there is a lack of any treatment records from 2003

to 2010. Although the MRI dated November 16, 2001, revealed multi-level degenerative disc disease with areas of herniation and mild nerve root compression predominantly related to the L5-S1 herniation, the Office of Judges pointed out that the request to add disc herniation was not made until March 31, 2013. The Office of Judges found that the evidence of record fails to causally connect the subject disc herniation to the compensable injury.

Dr. Browning reported on March 7, 2013, that Mr. Dean's back pain had gotten worse and very severe after picking up a bucket of pine cones. The Office of Judges determined that this event appears to be an isolated and fortuitous event not associated with the compensable injury and precipitated Dr. Browning's April 8, 2013, request for a lumbar MRI. The Office of Judges concluded that the request for a lumbar MRI is not medically related and reasonably necessary for treatment of the compensable injury.

The Board of Review agreed with the Order of the Office of Judges. This Court agrees with the Board of Review because the evidence shows the herniated disc is pre-existing and was seen on an MRI in 2001 but was not requested to be added as a compensable condition until March of 2013. Also, there is no evidence to support that a lumbar MRI is medically related and reasonably necessary treatment of the compensable injury. Mr. Dean has had several MRIs of the lumbar spine, and this MRI was not requested until April of 2013, after another injury occurred.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin